# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# IN ADMIRALTY

IN RE:

PETITION OF WILLIAM BOWMAN as titled owner of and for a 37' 2012 BOSTON WHALER, hull identification number BWCE0946B212 her engines, tackle, and appurtenances, for Exoneration from or Limitation of Liability,

                Petitioners.      /

CASE NO.: 18-cv-00071-JES-MRM

## CLAIM OF BENJAMIN BAIR

Claimant, BENJAMIN BAIR, by and through undersigned counsel and pursuant to Supplemental Admiralty Rule (F)(5) of the Federal Rules of Civil Procedure, hereby files his claim for damages against Petitioner, WILLIAM BOWMAN, and alleges as follows:

1. This is an action for damages for personal injuries and property damage under the general maritime law of the United States and the laws of the State of Florida.

2. At all times material hereto, Claimant was a resident of the State of Pennsylvania.

3. At all times material hereto, Petitioner was a resident of the State of Minnesota.

4. Claimant seeks damages in excess of $75,000, exclusive of interest and taxable costs.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 as the Parties are diverse, and the amount in controversy exceeds the statutory amount.

6. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1333 as the Claimant alleges a maritime tort against the Petitioner.

7. All conditions precedent to the filing of this action have occurred or have been otherwise excused, discharged, satisfied, or waived.

8. At all times material hereto, Petitioner was the owner of the vessel identified in these proceedings as the 37' 2012 Boston Whaler, hull identification number BWCE0946B212 (hereinafter "the vessel").

9. On or about August 3, 2017, while Petitioner was onboard, his son, Adam Bowman, was recklessly, carelessly, and negligently operating Petitioner's vessel at or near the Mouth of the Caloosahatchee River in Lee County, Florida, when it collided with Claimant's 35-foot 1963 Alberg Sailboat while Claimant and Joseph Lugo were onboard.

10. Specifically, Claimant was operating his vessel in a no-wake zone going approximately 5 miles per hour just west of the "Miserable Mile" when he and Mr. Lugo noticed Petitioner's vessel heading towards them at a high rate of speed.

11. Petitioner's vessel struck the midship of Claimant's vessel causing it to sink. Due to the collision, Claimant became pinned between his vessel and Petitioner's before being subsequently trapped upside down under water as his vessel sank. This collision resulted in serious traumatic bodily and mental injury to Claimant as well as excessive property damage.

12. Immediately following the collision, while Claimant struggled to remove himself from the wreckage, Petitioner and the other passengers onboard Petitioner's vessel watched on and did nothing to assist Claimant.

13. Despite Claimant's repeated requests for Petitioner and or the other passengers on Petitioner's vessel to call 911 and the Fish and Wildlife Commission (FWC), neither were contacted.

14. Rather than having an ambulance ready for Claimant at the marina as would have happened if the appropriate law enforcement officials were contacted, Petitioner and the other passengers on their vessel took their time to clean up their vessel, including alcoholic beverages, before transporting Claimant and Mr. Lugo to the hospital.

15.     Upon arriving at the hospital, Petitioner and the other passengers quickly removed Claimant and Mr. Lugo from their vehicle before immediately leaving the scene.

16.     As a result of Petitioner's negligence and the careless and reckless operation of Petitioner's vessel by Adam Bowman, Claimant suffered traumatic personal injuries, severe emotional distress, and lost property.

## COUNT ONE – NEGLIGENT ENTRUSTMENT

17.     Claimant realleges paragraphs 1 through 16, *supra*, and incorporates them herein.

18.     At all times material hereto, the subject vessel was owned by, and under control of Petitioner who had power, authority, custody, and dominion over the subject vessel for purposes of permitting or not permitting his son, Adam Bowman, to operate the boat.

19.     At all times material hereto, Petitioner owed a duty to exercise reasonable care to the public, including Claimant and Claimant's passenger, Joseph Lugo, in the use, operation, and entrustment of the subject vessel.

20.     Petitioner was negligent and breached the duty of care by intentionally, willfully, and/or recklessly entrusting the subject vessel to his son, Adam Bowman, who due to lack of judgment and/or experience, among other reasons, was a source of danger to others, including Claimant and Mr. Lugo. Based upon the circumstances surrounding the subject incident, it was reasonably foreseeable that the entrustment of the subject vessel to Adam Bowman would create a zone of risk and result in bodily injuries to others.

21.     Petitioner knew or should have known that Adam Bowman intended or was likely to use the vessel and/or conduct himself while operating the vessel in such a manner as to create an unreasonable risk of harm to others, including Claimant and Mr. Lugo.

22.     Petitioner's breach of the duty of reasonable care encompasses, but is not limited to, the following acts or omissions:

    a.    Allowing his son to operate the vessel at high rates of speed;

    b.    Allowing his son to operate the vessel in an unsafe and reckless manner;

    c.    Allowing his son to operate the vessel without proper training or otherwise ensuring he was qualified and in the right state of mind to operate the vessel;

    d.    Allowing his son to operate the vessel while intoxicated;

    e.    Unreasonably and carelessly giving permission, authority, and/or consent to his son to operate the vessel;

    f.    Failing to take reasonable steps including cautioning, training, guidance and instruction to prevent his son from operating the subject vessel at night at a high rate of speed in a no wake zone.

    g.    Providing an unseaworthy vessel by failing to provide a competent crew.

23. All of the aforesaid acts of negligent and/or reckless misconduct occurred or were occasioned within the privity and knowledge of Petitioner.

24. As a direct and proximate result of Petitioner's above mentioned negligent entrustment, Adam Bowman recklessly, dangerously, negligently, and carelessly operated the vessel causing it to collide with Claimant's vessel and cause serious bodily injury to Claimant as well as extensive property damage to Claimant's belongings.

25. As a direct and proximate result of Petitioner's above mentioned negligent entrustment, Adam Bowman violated, at a minimum, Fla. Stat. § 327.33(1) and § 327.30(5), and Inland Navigational Rules 5, 6, 7, and 8, as well as federal, state, Coast Guard and county rules and ordinances. Furthermore, Petitioner and Adam Bowman left the scene of the subject incident and failed to notify the appropriate law enforcement officials, ultimately failing to mitigate the damages caused by their carelessness and/or recklessness.

26. As a further direct and proximate result of Petitioner's above mentioned negligent entrustment, Claimant has suffered serious bodily injury and resulting pain and suffering, severe mental anguish and emotional distress, loss of capacity for the enjoyment of life, medical,

psychological, and other related expenses in the past and in the future, lost income in the past, and loss of earning capacity in the future. These losses are either permanent or continuing.

WHEREFORE, Claimant respectfully submits that he be allowed to make due proof of his claim against Petitioner for all losses and damages in an amount in excess of $170,000, plus pre-judgment and post-judgment interest and costs, that Petitioner's right to exoneration from or limitation of liability be denied, and for all such other relief this Honorable Court deems just and proper under the circumstances.

### COUNT TWO – NEGLIGENT SUPERVISION

27. Claimant realleges paragraphs 1 through 16, *supra*, and incorporates them herein.

28. At all times material hereto, Petitioner owed a duty to exercise reasonable care to the public, including Claimant, in the supervision of the use and operation of the subject vessel.

29. At all times material hereto, the subject vessel was owned by, and under control of Petitioner who had power, authority, custody, and dominion over the subject vessel for purposes related to the use thereof and supervision of the vessel by his son, Adam Bowman.

30. At all times material hereto, Adam Bowman was operating the subject vessel with the express and/or implied permission of Petitioner.

31. At the time of the incident, Petitioner was standing at the back of the boat while Adam Bowman and two minors were standing at the helm.

32. Petitioner was negligent and beached the duty of care by negligently supervising the use and operation of the subject vessel while it was being used in a reckless, dangerous, and careless manner by Adam Bowman. Based upon the circumstances surrounding the operation of his vessel, it was reasonably foreseeable that the failure to properly supervise the use and operation of the subject vessel would create a zone of risk and result in bodily injuries to others as Adam Bowman operated the vessel at excessive speeds while intoxicated without sufficient and/or proper training.

33. All of the aforesaid acts of negligent and/or reckless misconduct occurred or were occasioned within the privity and knowledge of Petitioner.

34. As a direct and proximate result of Petitioner's above mentioned negligent supervision, Adam Bowman recklessly, dangerously, negligently, and carelessly operated the vessel causing it to collide with Claimant's vessel and cause serious bodily injury to Claimant as well as extensive property damage to Claimant's belongings.

35. As a direct and proximate result of Petitioner's above mentioned negligent supervision, Adam Bowman violated, at a minimum, Fla. Stat. § 327.33(1) and § 327.30(5), and Inland Navigational Rules 5, 6, 7, and 8, as well as federal, state, Coast Guard and county rules and ordinances. Furthermore, Petitioner and Adam Bowman left the scene of the subject incident and failed to notify the appropriate law enforcement officials, ultimately failing to mitigate the damages caused by their carelessness.

36. As a further direct and proximate result of Petitioner's above mentioned negligent supervision, Claimant has suffered serious bodily injury and resulting pain and suffering, severe mental anguish and emotional distress, loss of capacity for the enjoyment of life, medical, psychological, and other related expenses in the past and in the future, lost income in the past, and loss of earning capacity in the future. These losses are either permanent or continuing.

WHEREFORE, Claimant respectfully submits that he be allowed to make due proof of his claim against Petitioner for all losses and damages in an amount in excess of $170,000, plus pre-judgment and post-judgment interest and costs, that Petitioner's right to exoneration from or limitation of liability be denied, and for all such other relief this Honorable Court deems just and proper under the circumstances.

## PUNITIVE DAMAGES

37. Claimant realleges paragraphs 1 through 36, *supra*, and incorporates them herein.

38. At all times material hereto, Petitioner was onboard his vessel during the subject voyage. Despite his obvious knowledge that Adam Bowman, due to his lack of judgment and/or experience, was unfit to operate the vessel, he intentionally, recklessly, and/or willfully entrusted Adam Bowman to operate the vessel.

39. Furthermore, throughout the voyage, and especially preceding the subject incident, Petitioner willfully, recklessly, and/or intentionally allowed Adam Bowman to recklessly operate his vessel to the point of severely injuring Claimant and his property, as well as causing Claimant to suffer a near-death experience that continues to haunt him daily.

40. At all times material hereto, Petitioner, as the owner of the vessel, had the ability to prevent the subject incident from occurring yet allowed the entire set of events to play out, including failing to inform law enforcement, or otherwise mitigate the damages caused by his and Adam Bowman's reckless, willful, and otherwise intentional misconduct.

41. Petitioner's actions clearly reflect an indifference to the safety of those around him and can only be described as a reckless endangering of the lives of the passengers on Claimant's vessel.

42. Accordingly, punitive damages are a proper relief for the allegations contained within this Claim for Damages and should be assessed against Petitioner in order to "punish the [Petitioner] . . . and thereby discourage the [Petitioner] . . . from acting in a similar way in the future." *Exxon Shipping Co. v. Baker*, 554 U.S. 471 (2008). Accordingly, Claimant requests judgment against Petitioner for punitive damages in additional to compensatory damages.

WHEREFORE, Claimant respectfully submits that he be allowed to make due proof of his claim against Petitioner for all losses and damages in an amount in excess of $170,000, plus pre-judgment and post-judgment interest and costs, that Petitioner's right to exoneration from or limitation of liability be denied, and for all such other relief this Honorable Court deems just and proper under the circumstances.

CASE NO.: 18-cv-00071-JES-MRM

Date: March 30, 2018
Miami, Florida

Respectfully submitted,

**FOREMAN FRIEDMAN, PA**

BY: /s/ *Noah D. Silverman*
Darren W. Friedman, Esq.
Florida Bar No. 0416765
dfriedman@fflegal.com
Noah D. Silverman, Esq.
Florida Bar No. 401277
nsilverman@fflegal.com
One Biscayne Tower, Suite 2300
2 South Biscayne Boulevard
Miami, FL  33131
Phone: 305-358-6555
Fax: 305-374-9077
*Counsel for Claimant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 30, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

/s/ *Noah D. Silverman*
Noah D. Silverman, Esq.

**CASE NO.: 18-cv-00071-JES-MRM**

## SERVICE LIST

Charles S. Davant, Esq.
csd@fowler-white.com
pborges@fowler-white.com
mgibson@fowler-white.com
Fowler White Burnett
One Financial Plaza, 21st Floor
100 SE 3rd Avenue
Fort Lauderdale, FL 33394
Phone: 954-377-8100
Fax: 954-377-8101
*Counsel for Petitioner*

Darren W. Friedman, Esq.
dfriedman@fflegal.com
sargy@fflegal.com
Noah D. Silverman, Esq.
nsilverman@fflegal.com
pcampo@fflegal.com
oricardo@fflegal.com
sprice@fflegal.com
crcano@fflegal.com
Foreman Friedman, PA
One Biscayne Tower, Suite 2300
2 South Biscayne Boulevard
Miami, FL 33131
Phone: 305-358-6555
Fax: 305-374-9077
*Counsel for Claimant*