## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## IN ADMIRALTY

IN RE:

**CASE NO.: 18-cv-00071-JES-MRM**

PETITION OF WILLIAM BOWMAN as titled
owner of and for a 37' 2012 BOSTON WHALER,
hull identification number BWCE0946B212 her
engines, tackle, and appurtenances, for Exoneration
from or Limitation of Liability,

_____Petitioners._____/

## CLAIMANT'S MOTION TO DISMISS PETITION FOR EXONERATION FROM OR LIMITATION OF LIABILITY FOR LACK OF SUBJECT MATTER JURISDICTION

Claimant, BENJAMIN BAIR, by and through undersigned counsel and pursuant to
Supplemental Admiralty Rule (F)(5) of the Federal Rules of Civil Procedure, hereby respectfully
moves this Court for entry of an order dismissing the instant limitation of liability proceeding for
lack of subject matter jurisdiction, and in support thereof states as follows:

### FACTUAL BACKGROUND

This is an action for exoneration from or limitation of liability by the owner of a pleasure
craft under 46 U.S.C. § 30501 *et seq.* that was filed prior to receiving a written claim for damages.
Specifically, it arises out of a collision that took place on August 3, 2016. While Petitioner was
onboard his vessel, his son, Adam Bowman, recklessly, carelessly, and negligently operated
Petitioner's 37' Boston Whaler at or near the Mouth of the Caloosahatchee River in Lee County,
Florida, causing it to collide with Claimant's 35' 1963 Alberg Sailboat with Claimant and Joseph
Lugo onboard.[1] Specifically, Claimant was operating his vessel in a no-wake zone going
approximately 5 miles per hour just west of the "Miserable Mile" when he and Mr. Lugo noticed
Petitioner's vessel heading towards them at a high rate of speed. Petitioner's vessel ultimately struck

---

[1] At this time, Claimant is unaware if Mr. Lugo will be responding to Petitioner's Petition for Exoneration from or
Limitation of Liability. Accordingly, Claimant believes he is the only claimant in this matter.

**FOREMAN FRIEDMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077**

the midship of Claimant's vessel, causing it to sink. As a result of the collision, Claimant became pinned between his vessel and Petitioner's before being subsequently trapped upside down under water as his vessel sank. The collision resulted in serious bodily and mental injury to Claimant as well as excessive property damage. Following an investigation of the incident, the Florida Fish and Wildlife Commission (FFWC) determined that Adam Bowman, at a minimum, violated, Fla. Stat. § 327.33(1) and § 327.30(5), and Inland Navigational Rules 5, 6, 7, and 8. Moreover, Petitioner and Adam Bowman inexcusably left the scene of the subject incident without notifying the appropriate law enforcement officials or otherwise making a reasonable attempt to mitigate the damages caused by their reckless actions. Ultimately, the FFWC determined that the probable cause of the incident was Adam Bowman's reckless operation of the subject vessel and the failure to notify law enforcement following the incident.

## MEMORANDUM OF LAW

The Limitation of Liability Act of 1851, 46 U.S.C. § 30501 *et seq.* (hereinafter the "Act"), was enacted by Congress in 1851. The Act permits the owner of a vessel to limit his liability to the post salvage value of the vessel in narrow circumstances. While the Claimant must satisfy an initial burden of proving negligence or unseaworthiness, the owner of the vessel must prove that the negligence occurred without his "privity or knowledge" or otherwise be unable to avail himself to the benefits of the Act. *See, e.g., The M/V Sunshine, II v. Beavin*, 808 F.2d 762, 763-764 (11th Cir. 1987) ("As used in the statute, the meaning of the words 'privity or knowledge,' evidently, is a personal participation of the owner in some fault, or act of negligence, causing or contributing to the loss, or some personal knowledge or means of knowledge, of which he is bound to avail himself of a contemplated loss, or a condition of things likely to produce or contribute to the loss, without adopting appropriate means to prevent it."); *Potomac Transport, Inc. v. Ogden Marine, Inc.*, 909 F.2d 42, 46 (2d Cir. 1990) ("Privity and knowledge . . . have been construed to mean that a shipowner knew

or should have known that a certain condition existed."); *McFerren v. Backcountry Outfittters, Inc.*, 2008 U.S. Dist. LEXIS 13458, *18 (N.D. Fla. Feb. 22, 2008) ("A vessel owner seeking exoneration from liability must show by a preponderance of the evidence that the petitioner that it, its vessel, and its crew are completely free of fault."). Specifically, "[a] determination of whether a shipowner is entitled to limit his liability involves a two-step analysis . . . First, the [C]ourt must determine what acts of negligence . . . caused the accident. Second, the [C]ourt must determine whether the shipowner had knowledge or privity of those same acts of negligence . . .." *Farrell Lines, Inc. v. Jones,* 530 F.2d 7, 10 (5th Cir. 1976). Although this action, as noted above, was brought prior to the filing of a written claim for damages by Claimant, Claimant recently filed his claim as required by Supplemental Admiralty Rule (F)(5) of the Federal Rules of Civil Procedure, alleging claims against Petitioner for negligent entrustment (Count I) and negligent supervision (Count II) arising out of the incident subject to this Petition that occurred while Petitioner was onboard his vessel.[2] As these claims by definition, if proved, would establish the necessary privity to preclude limitation of liability under the Act, Claimant respectfully moves this Court to dismiss the instant action for lack of subject matter jurisdiction.

## I.  Negligent entrustment and negligent supervision claims, by their very nature, preclude limitation of liability

A challenge to the court's subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) can be either in the form of a "facial attack" or a "factual attack." *See In re Petition of Anthony Albergo*, 2017 WL 6730068, *2 (S.D. Fla. Dec. 29, 2017). "A 'facial attack' on the complaint 'require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" *McElmurray v.*

---

[2] Following Claimant's requested dismissal, and upon the Court's lifting of the stay related to any claim for which Petitioner seeks exoneration from or limitation of liability from, including any claim arising out of or incident to or connected with any loss, damage, injury, death or destruction described in the Petition [DE 10], Claimant intends to also bring forth allegations against Adam Bowman as operator of the vessel.

*Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). In the instant matter, Claimant asserts lack of subject matter jurisdiction solely on the basis of pleadings as Claimant's Statement of Claim only includes allegations of negligent entrustment and negligent supervision against the owner of the subject vessel, both of which have been found to preclude limitation of liability by their very nature. *See, e.g., In re Ruiz*, 494 F. Supp. 2d 1339, 1341-42 (S.D. Fla. 2007) ("[W]here the sole allegation against [a] boat owner is negligently entrusting the boat to its operator, the boat owner is necessarily ineligible for limited liability because privity or knowledge is an element of the tort.") (citing *Suzuki of Orange Park, Inc., v. Shubert*, 86 F.3d 1060, 1064 (11th Cir. 1996)) ("If it is truly impossible under any set of circumstances for [petitioner] to establish its lack of privity or knowledge, then the limitation action should be dismissed . . ..").

In similar circumstances, the court in *Joyce v. Joyce*, 975 F.2d 379 (7th Cir. 1992) affirmed the district court's dismissal for lack of subject matter jurisdiction under the Act. Specifically, the court reasoned that:

> [B]ecause [Plaintiff's] cause of action against [Defendant] was an allegation of [Defendant's] own direct misconduct in entrusting the boat to [the third party], . . . either (1) [Defendant] did entrust the boat . . . in which case that entrustment was within [Defendant's] privity and knowledge and the Act does not apply, or else (2) [Defendant] did not entrust the boat . . . , in which case [Plaintiff's] suit will fail and [Defendant] has no need for the Act to apply. In either case, the court would be powerless to do anything to affect either party.

*Id.* at 382. Furthermore, the court in *In re Ruiz* determined that the same reasoning applied to claimant's negligent supervision allegation: "If Petitioner Ruiz was negligent in entrusting the boat to Christopher Ruiz, or in supervising [him operating the vessel], then Petitioner's actions would necessarily be within his 'privity or knowledge' and no limitation of liability would be available for Petitioner's own negligence." 494 F. Supp. 2d at 1342. Accordingly, as the only claims advanced by Claimant against Petitioner, as owner of the subject vessel, inherently require proof of privity or

knowledge, Claimant respectfully requests this Court to dismiss this action for lack of subject matter jurisdiction. *See Joyce*, 975 F.2d at 386, n. 7 ("[E]ven if the district court was wrong in characterizing its action as a dismissal for want of jurisdiction . . . we nevertheless would sustain its disposition of the case . . . In the circumstances here, the complaint could not have been amended to state a claim to which the Limitation of Liability Act could be applied.").

## II.     Petitioner's active negligence precludes Limitation of Exoneration from Liability

Irrespective of this Court's decision to dismiss the subject Petition for lack of subject matter jurisdiction, Claimant, in the alternative, contends that under the facts of the subject incident it is otherwise impossible under any set of circumstances for the vessel owner to demonstrate the absence of privity or knowledge. *See Suzuki of Orange Park, Inc.*, 86 F.3d at 1064 ("[T]he admiralty court may decide the privity or knowledge issue without first deciding the liability issue – at least . . . where it is impossible under any set of circumstances for the owner to demonstrate the absence of privity of knowledge."). Here, the subject Petition for Exoneration from or Limitation of Liability [DE 1], fails to allege any facts that would demonstrate Petitioner was unaware of the negligent acts that caused the incident. Petitioner admits that he was onboard the vessel at the time of the incident and that his vessel collided with another. [DE 1, ¶9, 13]. Although it is true that Petitioner's blanket and baseless allegations that he exercised reasonable care under the circumstances, that the vessel was properly operated, and that there was no negligence on part of the Petitioner that caused or contributed to any alleged injury or loss sustained by Claimant are typically sufficient to survive the motion to dismiss stage, *see The M/V Sunshine, II*, 808 F.2d at 765, here there is a Florida Fish and Wildlife Report stating the cause of the incident to be the reckless operation of the vessel by Adam Bowman.

As Petitioner was onboard the vessel at the time, there is no set of circumstances where he can deny that he had privity or knowledge of the negligent and otherwise reckless acts that ultimately caused

this extremely dangerous incident. Specifically, if not for Petitioner's entrustment of his vessel to Adam Bowman and lack of concern while his boat was incompetently and recklessly operated, this incident would not have occurred. *See American Dredging Co. v/ Lambert*, 81 F.3d 127, 129 (11th Cir. 1996) ("[A] shipowner is entitled to exoneration from all liability for a maritime [casualty] only when it demonstrates that it is free from any contributory fault."). Accordingly, Claimant contends that this Court can determine the privity and knowledge issue at this stage.

WHEREFORE, Claimant, BENJAMIN BAIR, respectfully moves this Honorable Court to dismiss the instant action for lack of subject matter jurisdiction and/or due to Petitioner's privity and knowledge of the negligent act(s) that caused the subject incident, and for all other relief this Court deems just and proper under the circumstances.

Date:   March 30, 2018
        Miami, Florida

Respectfully submitted,

**FOREMAN FRIEDMAN, PA**

BY:     /s/ *Noah D. Silverman*
        Darren W. Friedman, Esq.
        Florida Bar No. 0416765
        dfriedman@fflegal.com
        Noah D. Silverman, Esq.
        Florida Bar No. 401277
        nsilverman@fflegal.com
        One Biscayne Tower, Suite 2300
        2 South Biscayne Boulevard
        Miami, FL  33131
        Phone: 305-358-6555
        Fax: 305-374-9077
        *Counsel for Claimant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 30, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

/s/ *Noah D. Silverman*
Noah D. Silverman, Esq.

**SERVICE LIST**

| | |
|---|---|
| Charles S. Davant, Esq. | Darren W. Friedman, Esq. |
| csd@fowler-white.com | dfriedman@fflegal.com |
| pborges@fowler-white.com | sargy@fflegal.com |
| mgibson@fowler-white.com | Noah D. Silverman, Esq. |
| Fowler White Burnett | nsilverman@fflegal.com |
| One Financial Plaza, 21st Floor | pcampo@fflegal.com |
| 100 SE 3rd Avenue | oricardo@fflegal.com |
| Fort Lauderdale, FL 33394 | sprice@fflegal.com |
| Phone: 954-377-8100 | crcano@fflegal.com |
| Fax: 954-377-8101 | Foreman Friedman, PA |
| *Counsel for Petitioner* | One Biscayne Tower, Suite 2300 |
| | 2 South Biscayne Boulevard |
| | Miami, FL 33131 |
| | Phone: 305-358-6555 |
| | Fax: 305-374-9077 |
| | *Counsel for Claimant* |

**FOREMAN FRIEDMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077**