```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

IN RE: WILLIAM BOWMAN, as
titled owner of and for a 37'
2012 Boston Whaler, hull
identification number
BWCE0946B212 her engines,
tackle, and appurtenances,
for exoneration from or
limitation of liability,

       Petitioner,

                                    Case No: 2:18-cv-71-FtM-29MRM

_____

## OPINION AND ORDER

This matter comes before the Court on review of claimant Benjamin Bair's Motion to Dismiss Petition for Exoneration from or Limitation of Liability for Lack of Subject Matter Jurisdiction (Doc. #17) filed on March 30, 2018. Petitioner filed a Response in Opposition (Doc. #35) on June 12, 2018, and claimant filed a Reply (Doc. #41) on July 6, 2018.

### I.

Petitioner William Bowman ("Bowman") initiated this action by filing a Petition for Exoneration or Limitation of Liability pursuant to the Limitation Act, 46 U.S.C. § 30501 et seq. (the "Act"), and Supplemental Rule F of the Federal Rules of Civil Procedure. (Doc. #1.) The Petition alleges facts as follows: at all times relevant, petitioner was the owner of the 37' Boston Whaler, hull identification number BWCE0946B212 (the "vessel").

1

(Id., ¶¶ 6, 12.) On or about August 3, 2017, petitioner's vessel collided around the mouth of the Calloosahatchee River with another vessel operated by claimant Benjamin Bair ("Bair"), with Joseph Lugo[1] on board as a passenger. (Id., ¶ 9.) The vessel was in navigable waters and was physically damaged, and petitioner was onboard the vessel at the time. (Id., ¶¶ 10-11, 13.) Petitioner does not allege whether he was alone on his vessel, or that he himself was the operator of the vessel. Petitioner alleges that there was no negligence in his part that caused or contributed to any alleged injury or loss or damage sustained by Benjamin Bair and Joseph Lugo. (Id., ¶ 20.)

Count I seeks exoneration from liability and Count II seeks, in the alternative, limitation of liability to the value of petitioner's vessel. (Id., ¶¶ 16-27.) In support, petitioner alleges that the vessel was seaworthy at all relevant times and in all respects. (Id., ¶¶ 17-18.) Petitioner states that the value of the vessel at the time was no more than $170,000. (Id., ¶ 27.)

In his Motion, Claimant avers that petitioner negligently entrusted and negligently supervised his son, Adam Bowman, who was allegedly operating the vessel at the time of the collision. (Doc. #15, ¶ 9.) These claims were formally presented in Bair's Claim

---

[1] Joseph Lugo has not filed any action, nor responded in this matter, with respect to the incident at hand. (Doc. #17, p. 1); (Doc. #41, p. 2.)

filed with the Court alleging negligent entrustment and negligent supervision. (Doc. #15.) Bair is now the only claimant in this matter. (Doc. #33.) A Default Judgment (Doc. #34) was issued as to all claimants that failed to file a claim by the Court's deadline.

**II.**

Claimant argues that the Court lacks subject matter jurisdiction because success on his negligent entrustment and negligent supervision claims inherently require proving privity or knowledge, and petitioner cannot avail himself of the Act's protection. A facial challenge to subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) is premised on the allegations in the complaint, which the district court assumes to be true. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003).

The Limitation of Liability Act limits a vessel owner's liability for any damages arising from a maritime accident to the value of the vessel and its freight, provided that the accident occurred without such owner's "privity or knowledge." 46 U.S.C. § 30505. This privity or knowledge generally refers to "the vessel owner's personal participation in, or actual knowledge of, the specific acts of negligence or conditions of unseaworthiness which caused or contributed to the accident." Suzuki of Orange Park, Inc. v. Shubert, 86 F.3d 1060, 1064 (11th Cir. 1996). This definition has expanded to include constructive

knowledge, that is, "what the vessel owner could have discovered through reasonable inquiry." Id. (citing cases).

Claimant relies on the Seventh Circuit decision of Joyce v. Joyce, 975 F.2d 379 (7th Cir. 1992), also cited by the Eleventh Circuit in Suzuki of Orange Park, Inc. v. Shubert, 86 F.3d 1060, 1064 (11th Cir. 1996). (Doc. #41, p. 2.) Under Joyce, the Court noted that "if a shipowner knows enough to be liable for negligent entrustment, he knows too much to be eligible for limited liability under the Act." Joyce v. Joyce, 975 F.2d 379, 385 (7th Cir. 1992). "[T]he essential thrust of the tort of negligent entrustment is that a shipowner can be held liable for negligent entrustment only if he knows or has reason to know that the person being entrusted is incapable of operating the vessel safely." Id.

This case is easily distinguishable from Joyce because the Complaint in that case alleged exactly who was negligent in operating the vessel, and who as owner was negligent in entrusting the boat to the operator. Here, at this stage of the proceedings, the Court has no facts on the face of the Petition that reflect that petitioner concedes privity or knowledge, "or where it is otherwise impossible under any set of circumstances for the vessel owner to demonstrate the absence of privity or knowledge", Suzuki, 86 F.3d at 1064, because there are no allegations as to the operator of his vessel at all.

The Eleventh Circuit has also cautioned against summarily deciding whether it is impossible under any set of circumstances for a vessel owner to demonstrate the lack of privity or knowledge on a motion to dismiss. See M/V Sunshine, II v. Beavin, 808 F.2d 762, 765 (11th Cir. 1987). Because the Court cannot unequivocally determine petitioner's privity or knowledge of any specific acts of negligence on the face of the Petition before determining liability, the motion must be denied.

Accordingly, it is now

**ORDERED:**

Claimant's Motion to Dismiss Petition for Exoneration or Limitation of Liability For Lack of Subject Matter Jurisdiction (Doc. #17) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this   25th   day of July, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record