# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# IN ADMIRALTY

IN RE:

PETITION OF WILLIAM BOWMAN as titled owner of and for a 37' 2012 BOSTON WHALER, hull identification number BWCE0946B212 her engines, tackle, and appurtenances, for Exoneration from or Limitation of Liability,

CASE NO.: 18-cv-00071-JES-MRM

                Petitioners.           /

## AMENDED CLAIM OF BENJAMIN BAIR

Claimant, BENJAMIN BAIR, by and through undersigned counsel and pursuant to Supplemental Admiralty Rule (F)(5) of the Federal Rules of Civil Procedure, hereby files his claim for damages against Petitioner, WILLIAM BOWMAN, and alleges as follows:

1. This is an action for damages for personal injuries and property damage under the general maritime law of the United States and the laws of the State of Florida.

2. Claimant, BENJAMIN BAIR, is a citizen of Pennsylvania.

3. Petitioner, WILLIAM BOWMAN, is a citizen of Minnesota.

4. Claimant seeks damages in excess of $75,000, exclusive of interest and taxable costs.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 as the Parties are diverse, and the amount in controversy exceeds the statutory amount.

6. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1333 as the Claimant alleges a maritime tort against the Petitioner.

7. All conditions precedent to the filing of this action have occurred or have been otherwise excused, discharged, satisfied, or waived.

**FOREMAN FRIEDMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077**

8.  At all times material hereto, Petitioner was the owner of the vessel identified in these proceedings as the 37' 2012 Boston Whaler, hull identification number BWCE0946B212 (hereinafter "the vessel").

9.  On or about August 3, 2017, Petitioner allowed his son, Adam Bowman, to use and operate the subject vessel with his express and/or implied permission and consent.

10. Prior to August 3, 2017, Petitioner knew or should have known of Adam Bowman's reckless, dangerous, negligent, and careless operation of boats, and his other dangerous propensities, and that a foreseeable zone of risk and injury to others was a possible and foreseeable result of Adam Bowman's conduct.

11.  On or about August 3, 2017, while Petitioner was onboard, his son, Adam Bowman, intentionally, recklessly, carelessly, and/or negligently operated Petitioner's vessel at or near the Mouth of the Caloosahatchee River in Lee County, Florida, causing it to collide with Claimant's 35-foot 1963 Alberg Sailboat while Claimant and Joseph Lugo were onboard.

12. Specifically, Claimant was operating his vessel in a no-wake zone going approximately 5 miles per hour just west of the "Miserable Mile" when he and Mr. Lugo noticed Petitioner's vessel heading towards them at a high rate of speed.

13. Petitioner's vessel struck the midship of Claimant's vessel causing it to sink. Due to the collision, Claimant became pinned between his vessel and Petitioner's before being subsequently trapped upside down under water as his vessel sank. This collision resulted in serious, traumatic bodily and mental injury to Claimant as well as excessive property damage.

14. Immediately following the collision, while Claimant struggled to remove himself from the wreckage, Petitioner and the other passengers onboard Petitioner's vessel watched on and did nothing to assist Claimant and/or failed to reasonably mitigate the damages created by their vessel's operation.

15. Despite Claimant's repeated requests for Petitioner and/or the other passengers on Petitioner's vessel to call 911 and the Fish and Wildlife Commission (FWC), neither were contacted.

16. Rather than having an ambulance ready for Claimant at the marina as would have happened if the appropriate law enforcement officials were contacted, Petitioner and the other passengers on their vessel took their time to clean up their vessel, including alcoholic beverages, before transporting Claimant and Mr. Lugo to the hospital.

17. Upon arriving at the hospital, Petitioner and the other passengers quickly removed Claimant and Mr. Lugo from their vehicle before immediately leaving the scene.

18. As a result of Petitioner's intentional, willful, reckless, and/or negligent conduct, Claimant suffered traumatic personal injuries, severe emotional distress, and lost property.

19. At all times material hereto, Petitioner's willful, reckless, and/or intentional conduct reflected an indifference to the safety of those around them and can only be described as a reckless endangering of the lives of the passengers on Claimant's vessel.

20. At all times material hereto, Petitioner knew or should have known that operating a vessel at a high rate of speed and/or while intoxicated constituted an unreasonably dangerous and/or hazardous condition that was reasonably foreseeable to cause harm to others. Moreover, Petitioner knew that failing to contact law enforcement following the collision was unlawful.

**COUNT ONE – NEGLIGENT ENTRUSTMENT AGAINST WILLIAM BOWMAN**

21. Claimant realleges paragraphs 1 through 20, *supra*, and incorporates them herein.

22. At all times material hereto, the subject vessel was owned by, and under control of Petitioner who had power, authority, custody, and dominion over the subject vessel for purposes of permitting or not permitting his son, Adam Bowman, to operate the boat.

23. At all times material hereto, Petitioner owed a duty to exercise reasonable care to the public, including Claimant, in the use, operation, and entrustment of the subject vessel.

24. Petitioner breached the duty of care by intentionally, willfully, recklessly, and/or negligently entrusting the subject vessel to his son, Adam Bowman, who due to lack of judgment and/or experience, among other reasons, was a source of danger to others, including Claimant. Based upon the circumstances surrounding the subject incident, it was reasonably foreseeable to Petitioner that the entrustment of the subject vessel to Adam Bowman would create a zone of risk and result in bodily injuries to others.

25. Petitioner knew or should have known that Adam Bowman intended to or was likely to use the vessel and/or conduct himself in such a manner as to create an unreasonable risk of harm to others while operating the vessel, including Claimant.

26. Petitioner's breach of the duty of reasonable care encompasses, but is not limited to, the following acts or omissions:

    a. Allowing Adam Bowman to operate the vessel at high rates of speed;

    b. Allowing Adam Bowman to operate the vessel in an unsafe and reckless manner;

    c. Allowing Adam Bowman to operate the vessel without proper training or otherwise ensuring he was qualified and in the right state of mind to operate the vessel;

    d. Allowing Adam Bowman to operate the vessel while intoxicated;

    e. Unreasonably and carelessly giving permission, authority, and/or consent to Adam Bowman to operate the vessel;

    f. Failing to take reasonable steps including cautioning, training, guidance and instruction to prevent Adam Bowman from operating the subject vessel at night at a high rate of speed in a no wake zone;

    g. Providing an unseaworthy vessel by failing to provide a competent crew.

27. All of the aforesaid acts of negligent and/or reckless misconduct occurred or were occasioned within the privity and knowledge of Petitioner.

28. As a direct and proximate result of Petitioner's negligent entrustment of his vessel, Adam Bowman intentionally, recklessly, dangerously, negligently, and/or carelessly operated the vessel

causing it to collide with Claimant's vessel and cause serious bodily injury to Claimant as well as extensive property damage to Claimant's belongings.

29. As a direct and proximate result of Petitioner's negligent entrustment of his vessel, Adam Bowman violated, at a minimum, Fla. Stat. § 327.33(1) and § 327.30(5), and Inland Navigational Rules 5, 6, 7, and 8, as well as federal, state, Coast Guard and county rules and ordinances. Furthermore, Petitioner and Adam Bowman left the scene of the subject incident and failed to notify the appropriate law enforcement officials, ultimately failing to mitigate the damages caused by their carelessness and/or recklessness.

30. As a further direct and proximate result of Petitioner's negligent entrustment of his vessel, Claimant has suffered serious bodily injury and resulting pain and suffering, severe mental anguish and emotional distress, loss of capacity for the enjoyment of life, medical, psychological, and other related expenses in the past and in the future, lost income in the past, and loss of earning capacity in the future. These losses are either permanent or continuing.

WHEREFORE, Claimant respectfully submits that he be allowed to make due proof of his claim against Petitioner for all losses and damages in an amount in excess of $170,000, plus pre-judgment and post-judgment interest and costs, that Petitioner's right to exoneration from or limitation of liability be denied, punitive damages, and for all such other relief this Honorable Court deems just and proper under the circumstances.

**COUNT TWO – NEGLIGENT SUPERVISION AGAINST WILLIAM BOWMAN**

31. Claimant realleges paragraphs 1 through 20, *supra*, and incorporates them herein.

32. At all times material hereto, Petitioner owed a duty to exercise reasonable care to the public, including Claimant, in the supervision of the use and operation of the subject vessel.

33. At all times material hereto, the subject vessel was owned by, and under control of Petitioner who had power, authority, custody, and dominion over the subject vessel for purposes related to the use thereof and supervision of the vessel by his son, Adam Bowman.

34. At all times material hereto, Adam Bowman was operating the subject vessel with the express and/or implied permission of Petitioner.

35. At the time of the incident, Petitioner was standing at the back of the boat while Adam Bowman and two minors were standing at the helm.

36. Petitioner was negligent and breached the duty of care by negligently, intentionally, and/or recklessly supervising the use and operation of the subject vessel in such a manner as to allow it to be operated in a reckless, dangerous, and careless manner by Adam Bowman. Based upon the circumstances surrounding the operation of his vessel, it was reasonably foreseeable that the failure to properly supervise the use and operation of the subject vessel would create a zone of risk and result in bodily injuries to others as Adam Bowman operated the vessel at excessive speeds while intoxicated without sufficient and/or proper training.

37. All of the aforesaid acts of negligent, intentional, willful, and/or reckless misconduct occurred or were occasioned within the privity and knowledge of Petitioner.

38. As a direct and proximate result of Petitioner's above-mentioned negligent supervision, Adam Bowman recklessly, dangerously, negligently, and carelessly operated the vessel causing it to collide with Claimant's vessel and cause serious bodily injury to Claimant as well as extensive property damage to Claimant's belongings.

39. As a direct and proximate result of Petitioner's above-mentioned negligent supervision, Adam Bowman violated, at a minimum, Fla. Stat. § 327.33(1) and § 327.30(5), and Inland Navigational Rules 5, 6, 7, and 8, as well as federal, state, Coast Guard and county rules and ordinances. Furthermore, Petitioner and Adam Bowman left the scene of the subject incident and

failed to notify the appropriate law enforcement officials, ultimately failing to mitigate the damages caused by their carelessness.

40. As a further direct and proximate result of Petitioner's above-mentioned negligent supervision, Claimant has suffered serious bodily injury and resulting pain and suffering, severe mental anguish and emotional distress, loss of capacity for the enjoyment of life, medical, psychological, and other related expenses in the past and in the future, lost income in the past, and loss of earning capacity in the future. These losses are either permanent or continuing.

WHEREFORE, Claimant respectfully submits that he be allowed to make due proof of his claim against Petitioner for all losses and damages in an amount in excess of $170,000, plus pre-judgment and post-judgment interest and costs, that Petitioner's right to exoneration from or limitation of liability be denied, punitive damages, and for all such other relief this Honorable Court deems just and proper under the circumstances.

Date: December 19, 2018
Miami, Florida

Respectfully submitted,

**FOREMAN FRIEDMAN, PA**

BY: /s/ *Noah D. Silverman*
Darren W. Friedman, Esq.
Florida Bar No. 0416765
dfriedman@fflegal.com
Noah D. Silverman, Esq.
Florida Bar No. 401277
nsilverman@fflegal.com
One Biscayne Tower, Suite 2300
2 South Biscayne Boulevard
Miami, FL 33131
Phone: 305-358-6555
Fax: 305-374-9077
*Counsel for Claimant*

**SERVICE LIST**

Charles S. Davant, Esq.
csd@davantlaw.com
pborges@davantlaw.com
Aaron Michael Dmiszewicki, Esq.
amd@davantlaw.com
Davant Law, PA
401 East Last Olas Blvd., Suite 1400
Fort Lauderdale, FL 33301
Phone: 954-414-0400
Fax: 954-332-2301
*Counsel for Petitioner*

Darren W. Friedman, Esq.
dfriedman@fflegal.com
sargy@fflegal.com
Noah D. Silverman, Esq.
nsilverman@fflegal.com
pcampo@fflegal.com
oricardo@fflegal.com
sprice@fflegal.com
Foreman Friedman, PA
One Biscayne Tower, Suite 2300
2 South Biscayne Boulevard
Miami, FL 33131
Phone: 305-358-6555
Fax: 305-374-9077
*Counsel for Claimant*