UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIAM BOWMAN, as titled owner of and for a 37' 2012 Boston Whaler, hull identification number BWCE0946B212 her engines, tackle, and appurtenances, for exoneration from or limitation of liability,

      Petitioner,

Case No: 2:18-cv-71-FtM-29MRM

BENJAMIN BAIR,

      Third Party Plaintiff

ADAM BOWMAN,

      Third Party Defendant.

## OPINION AND ORDER

This matter comes before the Court on review of defendant's Motion to Dismiss Claimant's Demand for Punitive Damages (Doc. #66) filed on April 26, 2019. Plaintiff filed a Response in Opposition (Doc. #69) on May 24, 2019.

**I.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted).

**II.**

Third-party defendant seeks dismissal of the punitive damages claim in the Third-Party Complaint Against Adam Bowman (Doc. #53) arguing that the factual basis is inadequate. The parties agree that punitive damages are available only in "exceptional circumstances". In re Amtrak Sunset Ltd. Train Crash in Bayou Canot, Ala. on Sept. 22, 1993, 121 F.3d 1421, 1429 (11th Cir. 1997).

The Third-Party Complaint presents one count of negligence. The relevant factual allegations are as follows:

> 10. On or about August 3, 2017, while Petitioner was onboard, his son, Adam Bowman, intentionally, recklessly, carelessly, and/or negligently operated Petitioner's vessel at or near the Mouth of the Caloosahatchee River in Lee County, Florida, in such a manner as to cause it to collide with Claimant's 35-foot 1963 Alberg Sailboat while Claimant and Joseph Lugo were onboard.
>
> 11. Specifically, Claimant was operating his vessel in a no-wake zone going approximately 5 miles per hour just west of the "Miserable Mile" when he and Mr. Lugo noticed the vessel Adam Bowman was operating heading towards them at a high rate of speed.
>
> 12. The vessel being operated by Adam Bowman struck the midship of Claimant's vessel causing it to sink. Due to the collision, Claimant became pinned between his vessel and Petitioner's before being subsequently trapped upside down under water as his vessel sank. This collision resulted in serious, traumatic bodily and mental injury to Claimant as well as excessive property damage.
>
> 13. Immediately following the collision, while Claimant struggled to remove himself from the wreckage, Adam Bowman and the other passengers onboard Petitioner's vessel watched on and did nothing to assist Claimant and/or failed to reasonably mitigate the damages created by their vessel's operation.
>
> 14. Despite Claimant's repeated requests for Adam Bowman and/or the other passengers on Petitioner's vessel to call 911 and the Fish and Wildlife Commission (FWC), neither were contacted.
>
> 15. Rather than having an ambulance ready for Claimant at the marina as would have happened if the appropriate law enforcement officials

>were contacted, Adam Bowman and the other passengers on their vessel took their time to clean up their vessel, including alcoholic beverages, before transporting Claimant and Mr. Lugo to the hospital.
>
>16. Upon arriving at the hospital, Adam Bowman and the other passengers quickly removed Claimant and Mr. Lugo from their vehicle before immediately leaving the scene.
>
>17. As a result of Adam Bowman's intentional, willful, reckless, and/or negligent conduct, Claimant suffered traumatic personal injuries, severe emotional distress, and lost property.
>
>18. At all times material hereto, Adam Bowman's willful, reckless, and/or intentional conduct reflected an indifference to the safety of those around them and can only be described as a reckless endangering of the lives of the passengers on Claimant's vessel.
>
>19. At all times material hereto, Adam Bowman knew or should have known that operating a vessel at a high rate of speed and/or while intoxicated constituted an unreasonably dangerous and/or hazardous condition that was reasonably foreseeable to cause harm to others. Moreover, Adam Bowman knew that failing to contact law enforcement following the collision was unlawful.

(Doc. #53, ¶¶ 10-19.) In Count One, third-party plaintiff alleges that Adam Bowman breached a duty of reasonable care by operating the vessel at high rates of speed in a no wake zone, in an unsafe and reckless manner, without proper training, and while intoxicated, and for failing to notify law enforcement or to otherwise mitigate damages. (Id., ¶ 23.)

4

> Unless or until the United States Supreme Court should decide to add state remedies to the admiralty remedies for personal injury, personal injury claimants have no claim for nonpecuniary damages such as loss of society, loss of consortium or punitive damages, except in exceptional circumstances such as willful failure to furnish maintenance and cure to a seaman, intentional denial of a vessel owner to furnish a seaworthy vessel to a seaman and in those very rare situations of intentional wrongdoing.

In re Amtrak Sunset Ltd. Train Crash in Bayou Canot, Ala. on Sept. 22, 1993, 121 F.3d 1421, 1429 (11th Cir. 1997). "Punitive damages have long been an available remedy at common law for wanton, willful, or outrageous conduct." Atl. Sounding Co. v. Townsend, 557 U.S. 404, 409 (2009). A party "may recover punitive damages only upon a showing of intentional misconduct." Crusan v. Carnival Corp., No. 13-CV-20592, 2015 WL 13743473, at *7 (S.D. Fla. 2015). This requires showing that Adam Bowman "had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to the claimant would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury or damage." Id. at *8; Bonnell v. Carnival Corp., No. 13-CV-22265, 2014 WL 12580433, at *4 (S.D. Fla. Oct. 23, 2014).

Taking all the allegations as true, third-party plaintiff alleges that Adam Bowman operated a vessel in an unsafe and reckless manner without proper training, in a no-wake zone at a high rate of speed while intoxicated striking plaintiff's vessel

5

and causing it to sink.  Bowman and the other passengers watched and did nothing as plaintiff struggled to remove himself from the wreckage, and did not call for help.  Instead, Bowman and the other passengers took time to clean up their vessel, including alcoholic beverages before finally transporting plaintiff to the hospital.  The Court finds, at this stage of the proceedings, that a plausible claim for punitive damages has been stated.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss Claimant's Demand for Punitive Damages (Doc. #66) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __18th__ day of June, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record